**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PALM BEACH DIVISION**
Case No.:

**LEONARDO DE LIMA,**

    **Plaintiff,**

                                                  **COMPLAINT**

**v.**

**EXPERIAN INFORMATION SOLUTIONS, INC. AND SYNCHRONY FINANCIAL D/B/A SYNCHRONY BANK,**

                                            **DEMAND FOR JURY TRIAL**

    **Defendants.**

_____/

## COMPLAINT

Plaintiff, Leonardo De Lima ("Plaintiff"), by and through counsel, files this Complaint against Experian Information Solutions Inc., ("Defendant Experian" or "Experian"), and Defendant Synchrony Financial d/b/a Synchrony Bank, ("Defendant Synchrony" or "Synchrony"), pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA").

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

### DEMAND FOR JURY TRIAL

3. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

### PARTIES

4. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Palm Beach County, Florida.

PAGE | **1** of **12**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

5.      Defendant Experian is an Ohio corporation whose registered agent in Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324. Experian is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

6.      Defendant Synchrony Financial d/b/a Synchrony Bank is a Delaware corporation whose registered agent is The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

## GENERAL ALLEGATIONS

7.      This action involves derogatory and inaccurate reporting of an alleged Consumer Debt (the "Account") by Synchrony to the Credit Reporting Agency, Experian Information Solutions Inc.

8.      In or around April 2023, Plaintiff requested a copy of his credit report from Defendant Experian. The report listed an account that did not belong to him.

9.      The Account is SYNCB/AMAZON Account #604578XXXXXXXXX.

10.     In or around April 2023, Plaintiff submitted a dispute to Defendant Experian requesting that Experian remove the Account because it did not belong to him because the Account was opened in 2015, a year before Plaintiff obtained his Social Security Number from the federal government.

11.     In or around early May 2023, Defendant Experian verified the Account as accurate despite receiving evidence from Plaintiff that the account did not belong to Plaintiff.

12.     Plaintiff was denied lines of credit and loans due to the delinquent Account being reported by Defendant Experian and furnished by Defendant Synchrony.

13.     As of the filing of this complaint, Defendant Experian is still reporting the Account on Plaintiff's credit report.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## COUNT 1
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Experian)

14.     Plaintiff incorporates by reference paragraphs ¶¶ 1-13 of this Complaint.

15.     Defendant Experian prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the Account with Defendant Experian and continues to include the same information concerning inaccurate and derogatory reporting of the Account with Defendant Experian, a consumer reporting agency.

16.     In or around early April of 2023, Plaintiff checked his credit report and noticed that there were inaccurate reports from Defendant Experian. Therefore, in or around April of 2023, Plaintiff disputed this inaccurate and derogatory information to Experian.

17.     Defendant Synchrony verified the alleged consumer debt in the amount of $8,279. Despite Experian having been put on notice of the inaccurate reporting, Experian did not remove the Account from Plaintiff's Experian credit report.

18.     As of the filing of this complaint, Defendant Synchrony's derogatory and inaccurate information is still listed on Plaintiff's Experian credit report.

19.     Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Experian regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

20.     Experian is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

21.     Despite Defendant Experian having received Plaintiff's dispute of the Account, Experian continues to report the Account as in collections for an unpaid balance from Synchrony.

22.     Continuing to report the status of the Account in this fashion is significant.

23.     By continuing to report the status of the Account in this fashion, lenders believe

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Plaintiff has had a recent, major delinquency negatively reflecting on Plaintiff's creditworthiness by impacting his credit score negatively.

24.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

25.     Experian failed to conduct a reasonable investigation and reinvestigation.

26.     Experian failed to review and consider all relevant information submitted by Plaintiff.

27.     Experian failed to conduct an independent investigation and, instead, deferred to Synchrony, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's first dispute.

28.     Experian possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Experian failed to correct the information.

29.     Experian's reporting of inaccurate information about the Account, which is the subject of the Dispute, despite evidence that said information is inaccurate demonstrates Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

30.     Experian did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from Defendant Synchrony despite being in possession of evidence that the information was inaccurate.

31.     Without any explanation or reason, Experian continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

32.     Plaintiff has suffered damages as a result of the incorrect reporting and Experian's failure to correct the credit report pertaining to Plaintiff.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

33.     On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

34.     Experian failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's dispute of the information contained in Plaintiff's Experian credit report.

35.     Experian's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

36.     Experian has willfully and recklessly failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

37.     The conduct, action and inaction of Experian was willful, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

judge and/or jury pursuant to 15 U.S.C. § 1681(n).

38.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian

in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

39.     The appearance of the Account on Plaintiff's credit report, namely, the Account

identified by Plaintiff in Plaintiff's dispute to Experian, was the direct and proximate result of

Experian's willful failure to maintain reasonable procedures to assure the maximum possible

accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

40.     As a result of the conduct, action, and inaction, of Experian, Plaintiff suffered

damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress,

mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

41.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment

against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant

to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3]

statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence

in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such,

punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees

pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems

proper under the circumstances.

## COUNT 2
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Experian)

42.     Plaintiff incorporates by reference paragraphs ¶¶ 1-41 above of this Complaint.

43.     On at least one occasion within the past year, by example only and without

limitation, Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable

reinvestigation with respect to the disputed information.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

44.     On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed Information.

45.     On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

46.     Additionally, Experian negligently failed to report the account identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

47.     Experian has negligently failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

48.     The conduct, action, and inaction, of Experian was negligent, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

49.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

50.     As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

51.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Synchrony)

52.     Plaintiff incorporates the allegations regarding the Account and Defendant Synchrony in paragraphs ¶¶ 1-13 and by reference of this Complaint.

53.     Defendant Synchrony is a company specializing in debt collection.

54.     In or about April of 2023, Plaintiff checked his credit report and noticed that there was an inaccurate reporting from Defendant Synchrony.

55.     In or about late April of 2023, Plaintiff submitted a dispute of the erroneous and derogatory information reported to Defendant Experian by Defendant Synchrony.

56.     In response to the Dispute, Defendant Experian promptly and properly gave notice to Defendant Synchrony of the Dispute in accordance with the FCRA.

57.     As of the filing of this complaint, the debt has continued to be verified by Defendant Synchrony.

58.     Defendant Synchrony is a "furnisher of information" that regularly and in the

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

59.     On a date better known by Defendant Synchrony, Defendant Experian promptly and properly gave notice to Defendant Synchrony of Plaintiff's Dispute in accordance with the FCRA.

60.     In response to the notices received from Defendant Experian regarding Plaintiff's Dispute, Defendant Synchrony did not and otherwise failed to conduct a reasonable investigation into the Synchrony Account which is the subject of the Dispute.

61.     In response to receiving notice from Defendant Experian regarding Plaintiff's Dispute, Defendant Synchrony failed to correct and/or delete information it knew to be inaccurate and/or which Defendant Experian could not otherwise verify.

62.     Instead of conducting a reasonable investigation, Defendant Synchrony erroneously validated the Account and continued to report inaccurate information to Defendant Experian.

63.     On at least one occasion within the past year, by example only and without limitation, Defendant Synchrony violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

64.     On at least one occasion within the past year, by example only and without limitation, Defendant Synchrony violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency, Experian.

65.     On at least one occasion within the past year, by example only and without limitation, Defendant Synchrony violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete or inform Defendant Experian about the inaccurate information.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

66.     Upon information and belief, Defendant Synchrony was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's Dispute.

67.     Defendant Synchrony's investigation was per se deficient by reason of these failures in its investigation of Plaintiff's Dispute.

68.     As a direct and proximate result of Defendant Synchrony's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

69.     Defendant Synchrony's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

70.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Synchrony, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 4
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Synchrony)

71.     Plaintiff incorporates the allegations regarding the Account and Defendant Synchrony in paragraphs ¶¶ 1-13 and 52-70 by reference of this Complaint.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

72.     On at least one occasion within the past year, by example only and without limitation, Defendant Synchrony violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

73.     On one or more occasions within the past year, by example only and without limitation, Defendant Synchrony violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

74.     On one or more occasions within the past year, by example only and without limitation, Defendant Synchrony violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate information.

75.     When Defendant Synchrony received notice of Plaintiff's dispute from Defendant Experian, Defendant Synchrony could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

76.     Defendant Synchrony would have discovered that the information it was reporting about Plaintiff was inaccurate and the Account did not belong to Plaintiff if Defendant Synchrony had reviewed its own systems and previous communications with the Plaintiff.

77.     Defendant Synchrony's investigation was per se deficient by reason of these failures in Defendant Synchrony's investigation of Plaintiff's Dispute.

78.     As a direct and proximate result of Defendant Synchrony's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

apply for credit due to fear of rejection.

79.    Defendant Synchrony's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

80.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Synchrony awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

Dated: January 5, 2024

Respectfully Submitted,

 /s/ Jennifer G. Simil
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
**JENNIFER G. SIMIL, ESQ.**
Florida Bar No.: 1018195
E-mail:    jen@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136
Fax: 855-529-9540

*COUNSEL FOR PLAINTIFF*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com